APARICIO ET AL., PLAINTIFFS AND APPELLANTS, v. BOUILLERCE,
DEFENDANT AND APPELLEE.

## APPEAL from the District Court of Ponce in Injunction Proceedings.

No. 2697.—Decided January 25, 1923.

INJUNCTION—ACADEMIC QUESTION.—In this case the owners of a theatrical enterprise brought injunction proceedings against the municipal commissioner of finance and attacked the validity of a municipal ordinance imposing a certain excise tax on each show, praying for an order enjoining the said commissioner from continuing to prosecute them because of their failure to pay the said excise tax. The evidence showed that the plaintiffs had ceased to be the owners of the business at the time of the trial. *Held:* That under such circumstances the decision of the case on its merits would be only to decide whether or not the plaintiff's failure to pay the tax is penal, and this is not a proper question for an injunction proceeding.

The facts are stated in the opinion.

*Mr. R. Muñoz Ramos* for the appellants.

*Mr. D. Sepúlveda* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Martín Aparicio and Carlos Delgado, doing business under the firm name of Aparicio & Delgado, instituted injunction proceedings in the District Court of Ponce against Juan P. Bouillerce as Municipal Commissioner of Finance of Adjuntas, alleging that they had and operated a moving picture business in Adjuntas; that the Municipal Assembly of Adjuntas passed an ordinance providing for the imposition and collection of certain excise taxes, among which was the payment of $1 for each moving-picture performance; that the said tax was void, and that the Municipal Commissioner of Finance had brought several criminal actions against the petitioners and intended to bring others because of their failure to pay the said tax. The petitioners prayed the court to adjudge that the appellants are within their rights in refusing to pay the said excise tax because the said ordinance is null and void, and to order the said commissioner to abstain from further prosecuting the petitioners for its violation.

The court issued a preliminary writ of injunction against the respondent and after a hearing on the petition, at which both parties were present, rendered judgment dismissing the petition on the ground that as Martín Aparicio testified that the moving-picture business which he owned when the criminal prosecutions were instituted did not then belong to him, or to his partner Carlos Delgado, a decision of the issue would serve no practical purpose, it being simply a moot question. From that judgment the petitioners took the present appeal.

The petition for an injunction was filed in the lower court on September 6, 1921, the hearing was held on December 13th of the same year and the judgment was rendered nine days thereafter. Martín Aparicio, one of the plaintiffs and a member of the firm of Aparicio & Delgado, while under cross-examination by the respondent's attorney, replied as follows when asked whether on some days they gave two performances: "We did, but at present we are not the owners of the moving-picture business." On this point he was not again questioned by the parties.

That testimony of Aparicio is sufficient to justify the conclusion that on the date of the hearing the petitioners were not the owners of the moving-picture business which originated the proceedings and, therefore, raises the question of whether for that reason it is unnecessary to consider the merits of the proceedings because no practical purpose would be served as far as the petitioners are concerned.

The fundamental object of the petition in this case is to obtain an adjudication that the ordinance is void in so far as it imposes an excise tax on moving-picture shows and also, as a result of such adjudication, that the respondent be enjoined from prosecuting the petitioners for their failure to pay that tax. Consequently, as the petitioners are not now the owners of the moving-picture business which gave rise to the proceedings and as it does not appear from the

evidence that they will continue in the business of giving the said performances, it can serve no practical purpose as to them to determine whether or not the said ordinance is null and void, for it is not shown that it would affect a business of that kind in which they are at present engaged. Although it is true that the question may affect them because of the prosecutions that have been and may be brought against them for their failure to pay the said tax while they were the owners of the moving-picture business, as that question may be raised in connection with the prosecutions, there is no necessity for deciding it now in this proceeding in which it is shown to be a collateral question arising from the question of whether the ordinance is void. The decision of this case on its merits after the plaintiffs have ceased to be the owners of the moving-picture business to which it refers would actually amount to deciding merely whether or not the failure of the plaintiffs to pay the said tax is punitory, a question which can not be considered in injunction proceedings.

For the foregoing reasons we are of the opinion that the lower court did not err in dismissing the petition and that its judgment to that effect should be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.